## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID J. JUSTICE | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. 3:21-cv-01291 |
| | § | |
| G4S SECURE INTEGRATION, LLC | § | |
| | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S COMPLAINT
## (JURY DEMAND REQUESTED)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW David J. Justice, hereinafter referred to as Plaintiff, complaining of G4S Secure Integration, LLC, hereinafter referred to as Defendant, and for cause of action and would respectfully show this Honorable Court as follows:

### I.

### TYPE OF ACTION

1.      This is an employment discrimination action. Plaintiff was discriminated against because of his age and religious affiliation.

### II.

### VENUE AND JURISDICTION

2.      This court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3.      Venue is proper under 28 U.S.C. § 1402(b) because the events giving rise to these claims occurred in this judicial district.

## III.

## PARTIES

4.     Plaintiff David J. Justice is an individual and resident of Collin County, Texas.

5.     Defendant G4S Secure Integration, LLC ("G4S") is a corporation that is incorporated under the laws of Delaware and has its principal place of business in Omaha, Nebraska. Defendant G4S is authorized to do business in Texas and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco., located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## IV.

## FACTUAL BACKGROUND

6.     Plaintiff began working for Defendant in November 2016, as a Regional Sales Manager.  In 2017, Plaintiff's job title changed to Account Executive. In January of 2018, Plaintiff was invited to attend a leadership conference in Florida by his employer, Defendant G4S. During an after-hours event, Plaintiff and his colleagues began discussing religion. When asked what religion Plaintiff affiliated with, he replied that he did not affiliate himself with any religion. Later that night, Plaintiff's senior executive informed him that his comments about religion offended people despite Plaintiff making no disparaging or offensive comments about other religions. Plaintiff was never again invited to the leadership conference despite continuously receiving high praise on his performance reviews.

7.     Throughout his time working for G4S, Plaintiff received many comments about his age and appearance. On one occasion, he was told that he only has a few good years left in him. He was also told that he made too much money and that he could be replaced by someone for less pay.

8.      In 2019, Plaintiff was integral in securing the Tenet Health Account, however in the fall he was abruptly removed from the account with no explanation. When Plaintiff asked for an explanation, he was told that he would be compensated for his work on the account. This promise was never fulfilled.

9.      By the end of 2019, Plaintiff sold $9 million over his $6 million quota for the year. For his work, Plaintiff qualified for an all-expense paid trip, however he was not chosen for the award because, according to his senior executive, he would not have fit in. Plaintiff was not chosen despite receiving a report of "exceeds expectations" on his performance review.

10.     In July 2020, Plaintiff's direct supervisor, Phil Young, held a conference call that included multiple employees representing other business units within the company. Plaintiff was not invited to join the call. Young informed the individuals in the call that, going forward, no one could work directly with Plaintiff on establishing new client relationships. Instead, everyone was to send all new potential clients to Young directly so that he could determine which employee would receive the lead.

11.     In August of 2020, Plaintiff was informed that he would no longer receive commissions for the CyrusOne account despite having a high-performance record.

12.     In December of 2020, Plaintiff ended the year at seventy-one percent of his sales quota due to Young's instructions to no longer allow employees to work with Plaintiff on establishing new client relationships. Because of this lack of cooperation from Defendant, Plaintiff received a report of "meets expectations" on his performance review.

13.     In January of 2021, Plaintiff made a complaint to the EEOC regarding age discrimination and religious discrimination. Later that month, Matthew Cox, an Account

Executive, filed an HR complaint alleging that Plaintiff made offensive remarks about Cox's girlfriend. The following investigation yielded no evidence that Plaintiff made such remarks.

14.     In April 2021, Plaintiff noticed he did not receive all of the commissions he earned. Plaintiff was informed these were "Claw Backs" allowed in his compensation agreement. Plaintiff was never advised if any other employees had commissions clawed back.

15.     Subsequent to Plaintiff's December 2020 performance review, Plaintiff was put on notice that he would be subject to termination if his performance did not improve. Plaintiff lost a large portion of his commission due to Defendant G4S removing his commissions to lucrative clients. Plaintiff lost access to commission for all of these accounts after the leadership conference in Florida in which Plaintiff announced that he did not belong to a religion. Defendant's conduct of taking away Plaintiff's commission represents religious and age discrimination.

## V.

## CAUSES OF ACTION

### *Violation of Title VII of the Civil Rights Act of 1964 and Age Discrimination*

16.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

17.     As described above, Plaintiff was discriminated against for his age and religious affiliation.

18.     Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII). As described above, Plaintiff was taken off accounts, not involved in corporate activities, lost commissions and lost contacts and leads because of his religious affiliation.

19.     Defendant violated the Age Discrimination in Employment Act of 1967 (ADEA). As described above, Plaintiff was taken off accounts, not involved in corporate activities, lost

commissions and lost contacts and leads because of his age. Much of Plaintiff's work and commissions were given to a younger employee.

20.     Defendant's violation of Title VII and the ADEA has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

## VI.

## DAMAGES

21.     Plaintiff has suffered damages, including but not limited to back pay, front pay, past and future mental anguish, attorney's fees. Plaintiff is also entitled to punitive damages.

22.     By reasons of the above and foregoing, Plaintiff has been damaged in a sum in excess of minimum jurisdictional limits of this Court.

## VII.

## NOTICE/CONDITIONS PRECEDENT

23.     Plaintiff has given proper notice of this claim to Defendant with the filing of this Complaint. All notice requirements and conditions precedent to litigation have been satisfied. The EEOC Notice of Right to Sue is attached hereto as Exhibit A and incorporated herein by reference.

## VIII.

## ATTORNEY'S FEES

24.     Plaintiff has been required to engage the services of the undersigned attorney and has agreed to pay the undersigned attorney a reasonable fee for his legal services. Plaintiff is entitled to attorney's fees under Title VII and the ADEA. Plaintiff is entitled to recover attorney's fees against Defendant through the trial phase of this action, and, if necessary, through the appellate process.

**IX.**

25.     Plaintiff requests a trial by jury.

**X.**

**PRAYER**

WHEREFORE, premises considered, Plaintiff requests that Defendant be cited to appear

and answer and that on final trial Plaintiff has:

a.     Judgment against Defendants for damages in an amount in excess of the minimum jurisdictional limits of the Court;

b.     Prejudgment and post-judgment interest as provided by law;

c.     Costs of suit; and

d.     Such other and further relief to which Plaintiff may be entitled in law or in equity.

Respectfully submitted,

THE JOECKEL LAW OFFICE


___*/s/ David B. Joeckel, Jr.*_____
David B. Joeckel, Jr.
State Bar No. 10669700

Jonathan J. "Jack" Walters
State Bar No. 24096307

219 South Main Street, Suite 301
Fort Worth, Texas 76104
(817) 924-8600
(817) 924-8603 facsimile
dbj@joeckellaw.com
jack@joeckellaw.com

ATTORNEYS FOR PLAINTIFF